# Hunter *versus* Hulings and Milford.

### *Sheriff's Sale of Lands levied on by mistake.*

1. Where the lands of the plaintiff in an execution were by mistake included in the levy made on the lands of the defendant, and sold with them, it was held that the sheriff's vendee acquired no title thereto by the sale and sheriff's deed, either against the real owners or their vendees.

2. In such case, as the judgment was no lien on the land thus erroneously levied on and sold, the title to it was not affected by the levy, nor even by a revival of the original lien with notice to the vendees of the real owners, who were in possession not under the defendant but under the original plaintiff.

ERROR to the Common Pleas of *Venango county.*

This was an action of ejectment, brought by George S. Hunter against W. W. Hulings and M. Milford, to recover a tract of land in Tionesta township, Venango county.

The land in controversy was devised by Poland Hunter, to his granddaughter Ann, afterwards intermarried with Jacob Range, to whom he also gave a legacy of $200. Her father, William Hunter, was the executor named in the will; to whom a tract of land near that devised to Ann, was given in the will. The account of the executor, when filed, exhibited a balance in favour of the estate of $709.49.

The legacy to Ann was payable in six months, and to recover an unpaid balance due to her on account of it, an action was brought March 4th 1848, in the name of Jacob Range and Ann his wife against William Hunter, the executor. On the 24th of February 1846, the defendant confessed judgment for $100, stipulating therein for a *cessit* of six months.

In September 1846, Mr. Wilson, who was counsel for Range and wife, without any special instruction from them, sued out a .*fieri facias*, and placed it in the hands of the sheriff, who, under erroneous instructions from some one, or else by mistake of his own, included in the levy the tract of land which had been devised to Ann Range, the plaintiff in the execution. The land was at that time unoccupied. An inquisition was held, and all the property included in the levy extended at an annual rental of $25.

The judgment was then sold by Range and wife to W. Peter-

field, who sold to one Fagundus, by whom it was subsequently transferred to J. Dawson.

On the 1st of June 1850 Range and wife conveyed the land which had been devised to her to Montgomery Milford.

On the 19th of June 1850, a *scire facias* was sued out on the abovementioned judgment to the use of Dawson, which was returned served on W. Hunter, the defendant, and on M. Milford, W. Milford, and Charles Hailman, as *terre-tenants*. To this *scire facias* a general appearance was entered by Mr. Wilson, who under rule entered the plea of *nul tiel record*.

On the 5th of October Milford conveyed this property to Hulings. On the 25th of February 1851, a judgment was confessed on the *scire facias*, and the amount liquidated at $130.

On the 20th of January 1852, Dawson gave notice in writing to the sheriff that he elected not to take the property at the annual valuation put on it by the inquisition ·in 1856, on the back of which Hunter endorsed his acceptance at the annual rental, to whose name were added those of Hailman, the two Milfords, and Jacob Range, but by whom this was done did not appear.

On an affidavit of the non-payment of the annual sum fixed by the inquest, a writ of *venditioni exponas* was issued, and the whole of the property which had been levied on in 1846, under the original judgment, was sold by the sheriff to G. S. Hunter, the plaintiff in this action, which was the conveyance under which he claimed to recover the land occupied by Hulings, and which had been purchased by Hulings from M. Milford, the vendee of Mr. and Mrs. Range.

At the time of the sheriff's sale Hulings was present, and gave public notice of his title to this land.

On receiving the sheriff's deed, Hunter brought this action of ejectment, in which, under the charge of the court, there was a verdict for the defendant. Whereupon the plaintiff sued out this writ, and assigned for error certain portions of the charge of the court, as quoted in the specification of error.

The cause was argued by *Myers & Shaler*, for the plaintiff, and by *S. B. Johnston*, for defendants.

Without discussing the points presented by the counsel, the whole case was disposed of by the following opinion of the court, delivered November 22d 1860, by

LOWRIE, C. J.—The defendant's counsel have suggested a point that saves their case without contesting the points argued on the other side. Assume that Mrs. Range is in some way chargeable with the mistake by which her own land was levied on under her judgment, still her vendees are not chargeable. That fact lies aside of the line of her title, and her vendees are

[Hunter v. Hulings and Milford.]

not charged with notice of it. The judgment was no lien on the land, and the levy did not make it so. Nor did its revival with notice to the vendees: for they were holding no lands under title from the defendant in the original judgment, and could not resist the revival of it. The *venditioni exponas*, therefore, is not supported by the revival. Nor is it by the original judgment, or *fieri facias* and levy, for they had taken place eight years before, without naming other reasons. The purchaser, therefore, took nothing in this land by the sheriff's deed, and the warning given at the sale excludes any pretence that he was misled.

Judgment affirmed.